UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| MANUEL GARCÍA CASTRO, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:20-cv-01065-JAW |
| ) | |
| COMMONWEALTH OF PUERTO RICO, ) et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION FOR RECONSIDERATION**

The Commonwealth of Puerto Rico, its Governor, and the Chief Justice of the Puerto Rico Supreme Court, move the Court to reconsider a July 2024 order that partially denied their motion for summary judgment. The Court denies the motion for reconsideration as genuine issues of material fact remain and no extraordinary circumstances exist to overturn its previous order.

**I.   PROCEDURAL HISTORY**

On February 5, 2020, Manuel García-Castro and Anixa Santiago-Rivera (Plaintiffs) filed a complaint against the Commonwealth of Puerto Rico; Carlos J. Méndez-Núñez, acting in his official capacity as Speaker of the House of Representatives of Puerto Rico; Maite Oronoz-Rodríguez, acting in her official capacity as the Chief Justice of the Puerto Rico Supreme Court; Thomas Rivera-Schatz, acting in his official capacity as the President of the Senate of Puerto Rico; Wanda Vázquez-Garced, acting in her official capacity as the Governor of Puerto Rico;

and the Financial Oversight and Management Board for Puerto Rico.[1] *Compl.* (ECF No. 1). The Plaintiffs sought declaratory and injunctive relief and other relief including compensatory damages to remedy alleged unlawful discrimination in violation of Title II of the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, and Puerto Rico Laws 136-1996 and 266-2018. *Id.* at 1, 21-24.

In the subsequent months, Defendants individually filed several motions to dismiss and motions to join each other's motions to dismiss. *See Mots. to Dismiss* (ECF Nos. 38, 40, 41, 42, 43); *Mots. to Join* (ECF Nos. 44-47). On November 2, 2020, the Plaintiffs amended their complaint. *Am. Compl.* (ECF No. 52). Thereafter, the Defendants filed motions to dismiss the Amended Complaint and to join each other's motions to dismiss. *See Mots. to Dismiss* (ECF Nos. 53, 60, 68); *Mots. to Join* (ECF Nos. 70, 71, 78). Plaintiffs opposed the motions to dismiss. *See Resps. in Opp'n* (ECF Nos. 72, 74, 79). With the filing of the Amended Complaint and updated motions to dismiss, Judge Jay A. García-Gregory, the presiding judge at the time, deemed the first set of motions to dismiss and motions for joinder moot on January 28, 2021. *Order* (ECF No. 87).

On September 23, 2021, Judge García-Gregory issued an opinion that granted in part and denied in part Defendants' motions to dismiss, and dismissed several claims in the Amended Complaint, including all claims against the Financial

---

[1] On March 15, 2021, the Court, pursuant to Federal Rule of Civil Procedure 25(d), substituted Rafael Hernández Montañez, in his official capacity as Speaker of the Puerto Rico House of Representatives for Carlos Méndez Núñez. *Order* (ECF No. 92). On August 16, 2023, the Court, pursuant to Federal Rule of Civil Procedure 25(d), substituted Jose Luis Dalmau Santiago, in his official capacity as President of the Puerto Rico Senate, for Thomas Rivera Schatz, and Pedro Rafael Pierluisi Urrutia, in his official capacity as Governor of Puerto Rico, for Wanda Vázquez Garced. *Order* (ECF No. 241).

Oversight and Management Board for Puerto Rico. *Mem. and Op.* (ECF No. 97); *Partial J.* (ECF No. 98).

The parties thereafter engaged in extensive discovery practice, *see* ECF Nos. 104-65, and attempted mediation, *see* ECF Nos. 166-86, 188-204. Then on March 23, 2023, the Commonwealth of Puerto Rico, Chief Justice Oronoz-Rodríguez, and Governor Pedro R. Pierluisi Urrutia (Appearing Defendants) moved for summary judgment and submitted a statement of material facts in support of the motion. *Mot. for Summ. J.* (ECF No. 214) (*Defs.' Mot.*); *Mot. Submitting Statements of Uncontested Material Facts in Supp. of Mot. for Summ. J.* (ECF No. 213) (DSMF). On April 3, 2023, Plaintiffs filed a response admitting some of the defendants' material facts while denying others, yet did not submit their own statement of additional material facts. *Resp. to Mot. in Opposing Statement of Uncontested Material Facts* (ECF No. 217) (PRDSMF). The following day, April 4, 2023, Plaintiffs opposed the motion for summary judgment. *Resp. to Mot. for Summ. J.* (ECF No. 219). On April 21, 2023, the Appearing Defendants replied. *Reply* (ECF No. 225) (*Defs.' Reply*).

On August 4, 2023, United States Magistrate Judge Giselle López-Soler recused herself, and the Clerk of Court randomly assigned the case to this Judge. *See Order of Recusal* (ECF No. 231); *Order Reassigning Case* (ECF No. 232); *Mem. of the Clerk* (ECF No. 233). On August 16, 2023, the Court stayed the case pending resolution of the dispositive motions. *See Notice of Inj. Pursuant to Confirmation Order Issued by the Title III Ct.* (ECF No. 187); *Mot. to Stay* (ECF No. 227); *Order* (ECF No. 237); *Order* (ECF No. 238).

On June 26, 2024, the Court issued an order granting in part, denying in part, and dismissing in part the Appearing Defendants motion for summary judgment. *Order on Mot. for Summ. J.* (ECF No. 244) (*Summ. J. Order*). On July 24, 2024, the Appearing Defendants moved the Court to reconsider the portion of the order which denied summary judgment as to the Puerto Rico Court of Appeals. *Mot. for Recons.* (ECF No. 251). On August 5, 2024, Plaintiffs opposed. *Opp'n to Mot. for Recons.* (ECF No. 255) (*Pls.' Opp'n*).

## II.  THE ORDER ON THE MOTION FOR SUMMARY JUDGMENT

As regards the Puerto Rico Court of Appeals, the Plaintiffs alleged they "were not provided equal access to prompt and efficient proceedings [and that] due to their disability they had to endure a several-hour wait for a process that only took about 15 minutes, solely because the Court of Appeals did not have a certified interpreter available." *Resp. to Mot. for Summ. J.* at 2. The Appearing Defendants, however, characterized the events differently, arguing that the Plaintiffs "were provided with a qualified interpreter in a reasonable amount of time in compliance with Title II of the ADA," *Defs.' Mot.* at 18, and that "it was reasonable for García-Castro to wait for a couple of hours (the wait coincided with the Clerk Office's lunch period) to have a skilled sign language interpreter available at the Clerk's Office of the Puerto Rico Court of Appeals, an office that is mainly dedicated to the intake or filing of documents." *Id.* at 20.

In its order adjudicating the motion for summary judgment, the Court first recounted the relevant facts. On July 17, 2019, Mr. García visited the Clerk's Office

4

of the Puerto Rico Court of Appeals at 10:47 AM and requested sign language interpreter services. *Order on Mot. for Summ. J.* at 13 (citing DSMF ¶ 20; PRDSMF ¶ 20). The Clerk's Office initially communicated with Mr. García through an individual, described by Appearing Defendants as a sign language interpreter from the court's Marshall's Office, who assisted Mr. García in completing the required form to request sign language interpreter services. *Id.* (citing DSMF ¶ 21; PRDSMF ¶ 21). The Director of Administrative Services of the Puerto Rico Court of Appeals requested that sign language interpretation services be provided that same day at 1:30 PM, and interpreter services were provided to Mr. García from 1:43 PM to 2:00 PM via a certified sign language interpreter from ASL Services Latino, PR, an entity hired by the Judiciary to provide sign language interpreter services. *Id.* at 13-14 (citing DSMF ¶ 22-23; PRDSMF ¶ 22-23).

Based on these facts, the Court concluded there was no genuine issue of material fact as to whether there was discriminatory intent or motive, rendering a disparate treatment claim unviable. *Id.* at 58. As a result, the Court granted "summary judgment to Appearing Defendants to Appearing Defendants as to Plaintiffs' claims that the Puerto Rico Court of Appeals intentionally discriminated against them." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

The Court, then considered whether genuine issues of material fact remained as to a potential reasonable accommodation claim. *Id.* at 59. As the parties agreed that Mr. García needed an individualized change to the Court of Appeals' general procedure to effectively file a motion for in forma pauperis status, the narrow issue

5

was whether the Court of Appeals "unjustifiably failed to make that change." *Id.* (citing *Sosa v. Mass. Dep't of Corr.*, 80 F.4th 15 (1st Cir. 2023)).

The Court concluded there was a genuine issue of material fact as to whether the Court of Appeals' actions were unjustifiable. *Id.* at 60-61. The Court reasoned:

> The parties dispute whether the delay from 10:47 AM until 1:43 PM to provide certified interpreter services for Mr. García was a justifiable delay. Appearing Defendants cite no caselaw that supports the proposition that receiving services after a delay cannot be considered a failure to reasonably accommodate someone's disability, and the Court is aware of none. In fact, the opposite is true. Plaintiffs cite *Hurley-Bardige*, a case where the court denied summary judgment in part because a genuine issue of material fact existed as to whether "the accommodations provided by the agency were made in a timely manner." 900 F. Supp. at 572. The First Circuit has recognized the principle that "unreasonable delay may amount to failure to provide reasonable accommodations." *Valle-Arce v. P.R. Ports Auth.*, 651 F.3d 190, 200 (1st Cir. 2011) (citing *Astralis Condo. Ass'n v. Sec'y, U.S. Dep't of Hous. & Urban Dev.*, 620 F.3d 62, 68-69 (1st Cir. 2010); and *Calero-Cerezo v. U.S. Dep't of Just.*, 355 F.3d 6, 25 (1st Cir. 2004)).

*Id.* at 60. The Court continued its analysis, stating that "there are limits to what makes an accommodation reasonable and that undue financial and administrative burden must be considered," *id.*, while noting that "Appearing Defendants may well have [had] a good explanation for why there was more than a two-hour delay in getting an interpreter for Mr. García, but if so, it simply [wa]s not in the summary judgment record." *Id.* at 61.

The Court concluded that the lack of financial or administrative burden demonstrated by the Court of Appeals, coupled with "a delay just shy of three hours before Mr. García was able to receive the service he is required to have equal access to—a service that only took seventeen minutes to provide once the interpreter

6

arrived," created a "trialworthy issue" because there was enough competent evidence to enable a factfinder to decide in the Plaintiffs' favor on the disputed claim. *Id.* (citing *McCarthy v. City of Newburyport*, 252 F. App'x 328, 332 (1st Cir. 2007); and *Carroll v. Xerox Corp.*, 294 F.3d 231, 237 (1st Cir. 2002)).

## III.   THE PARTIES' POSITIONS

### A.   The Appearing Defendants' Motion for Reconsideration

In their motion, the Appearing Defendants state that they are proceeding for reconsideration under Federal Rules of Civil Procedure 59(e) and/or 60. *Mot. for Recons.* at 3.

The Appearing Defendants request that the Court consider seven factors in its reconsideration. First, "that plaintiff García refused the first in-person interpreter service offered to him." *Id.* at 9. Second, "that plaintiff García refused the alternative of receiving the sign language interpreter services via videoconference mechanism in place at the Appeals Court." *Id.* Third, "that plaintiff García requested that a second in-person second interpreter be provided to him." *Id.* Fourth, "that plaintiff García's two rejections prompted the Appeals Court to arrange for the interpreter service, which necessarily involved a brief bureaucratic delay." *Id.* Fifth, "that the delay coincided with the lunch period of the agency." *Id.* Sixth, "that this court should consider that, in order of for the second interpreter to be at the Court of Appeals in-person after the agency lunch period, it necessarily required that the employees process the request forms during their lunch time." *Id.* Seventh, "that the cases considered and cited by this court in its order [] are distinguishable from the present

7

case, due to the length of the delays deemed unreasonable in those cases." *Id.* For all these reasons, "the appearing co-Defendants respectfully move this Court to reconsider its ruling in its Order at Docket No. 244 as to the Puerto Rico Court of Appeals and dismiss the remaining claim with prejudice." *Id.* at 10.

### B. Plaintiffs' Opposition

Plaintiffs respond that "[t]he request for reconsideration should be denied because it does not demonstrate any manifest error of law, nor does it present new evidence that would warrant altering the Court's original decision." *Pls.' Opp'n* at 1. "Furthermore," Plaintiffs argue, "there remains an unresolved dispute regarding whether the more than three-hour wait to address a question from the plaintiff, which ultimately took only 15 minutes to answer, constitutes an unreasonable delay or if it can be considered a reasonable accommodation." *Id.*

Plaintiffs contend that Appearing Defendants claims about what factored into the delay, "do not resolve the question of whether the overall delay, considering these factors, was reasonable." *Id.* at 4. As far as rejecting the first interpreter offered, Plaintiffs say that "**[r]ejecting inadequate services cannot justify a prolonged delay, even more so if the reason for the rejection is that these alternatives did not provide effective communication**." *Id.* at 5 (emphasis in original). "Moreover, requiring individuals with hearing disabilities to submit their questions via videoconference rather than in person, while allowing individuals without disabilities to do so in person, constitutes segregation prohibited by the ADA." *Id.* Plaintiffs represent "**the primary reason for the two-hour delay in a procedure**

8

**that typically takes only 15 minutes**" was the "fact that the Defendant did not have a qualified interpreter available and employed interpreters who lacked the skills to provide or ensure effective communication for individuals with hearing disabilities." *Id.* at 6 (emphasis in original). Plaintiffs conclude this section of their opposition by arguing the Defendants failed to justify the delay in providing a reasonable accommodation to Mr. Garcia.

Plaintiffs then point out that the Appearing Defendants "referenced several judicial decisions where courts found that short delays in providing accommodations were reasonable," *id.*, but "highlight that these decisions were made under Title I of the Americans with Disabilities Act (ADA), which pertains to employers' obligations to provide reasonable accommodations for their employees." *Id.* at 6-7. Therefore, Plaintiffs contend, the "circumstances differ significantly from the current case, **where the plaintiff was simply seeking the ability to communicate.**" *Id.* at 7 (emphasis in original). To support this contention, Plaintiffs aver that:

> In the employment context (Title I), employers typically have more time and flexibility to evaluate and implement reasonable accommodations due to the ongoing nature of the employment relationship. This allows for an iterative process of adjusting accommodations over time. In contrast, under Title II, there is an expectation that accommodations will be immediate or provided within a much shorter timeframe, especially for essential public services. Individuals seeking access to public services are not part of a continuous relationship that allows for extended negotiations; instead, they require immediate accessibility to participate effectively in society.

*Id.*

To conclude, the Plaintiffs argue that "[t]here is no indication of a clear legal error, newly discovered evidence, or a significant change in the controlling law that

9

would warrant a revision of the previous decision." *Id.* at 8. They add that "the explanations given for the delay in providing interpreter services fail to adequately justify the necessity for timely accommodations as required by the Americans with Disabilities Act." *Id.*

## IV.   LEGAL STANDARD

Federal Rule of Civil Procedure 59 allows a party to move a court for a new trial or to alter or amend a judgment in rare circumstances. FED. R. CIV. P. 59. "The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." *Salmon v. Lang*, 57 F.4th 296, 323 (1st Cir. 2022) (citation omitted); *see also Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) ("Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected"). "To prevail on such a motion, 'a party normally must demonstrate either that new and important evidence, previously unavailable, has surfaced or that the original judgment was premised on a manifest error of law or fact.'" *Caribbean Mgmt. Grp., Inc. v. Erikon LLC*, 966 F.3d 35, 44-45 (1st Cir. 2020) (quoting *Ira Green, Inc. v. Military Sales & Serv. Co.*, 775 F.3d 12, 28 (1st Cir. 2014)).

In relevant part, Federal Rule of Civil Procedure 60 allows a court to correct a mistake, FED. R. CIV. P. 60(a), or "[o]n motion and just terms" to "relieve a party or its legal representative from a final judgment, order, or proceeding." FED. R. CIV. P. 60(b). Rule 60(b) provides a list of the reasons that warrant such relief:

(1) mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

*Id.*

## V. DISCUSSION

### A. Federal Rule of Civil Procedure 59(e)

While Appearing Defendants bring their motion pursuant to Federal Rule of Civil Procedure 59(e), Rule 59(e) is not an appropriate vehicle for the relief sought.[2] "The Rule enables a party to request that a district court reconsider a just-issued judgment." *Banister v. Davis*, 590 U.S. 504, 507 (2020). A Rule 59(e) motion is "tightly tied to the underlying judgment." *Id.* at 508. But here at least as to the part of the order challenged by the Appearing Defendants, there is no "just-issued" or "underlying" judgment, as there is no judgment at all. Here, the Court issued the following order:

---

[2] It is true that "[m]otions for reconsideration are generally considered under Federal Rule of Civil Procedure 59 or 60, depending on the time such motion is served." *Rivera v. Drs. Ctr. Hosp., Inc.*, Civil No. 22-1504 (CVR), 2024 U.S. Dist. LEXIS 33582, at *2 (D.P.R. Feb. 21, 2024) (citing *Pérez-Pérez v. Popular Leasing Rental, Inc.*, 993 F.2d 281, 284 (1st Cir. 1993)). However, to proceed under Rule 59, there must be a final judgment, FED. R. CIV. P. 59(e), and for the issues the Appearing Defendants are challenging the order on the motion for summary judgment, there is no judgment.

11

> The Court GRANTS in part, DENIES in part, and DISMISSES in part the Commonwealth of Puerto Rico, Maite Oronoz-Rodriguez, and Pedro R. Pierluisi Urrutia's Motion for Summary Judgment (ECF No. 214).

*Summ. J. Order* at 66.  Obviously, the Appearing Defendants are not asking the Court to reconsider the parts of the order they won; only the part they lost.  Thus, in filing their motion for reconsideration, the Appearing Defendants are not challenging a judgment, but rather the Court's decision not to issue one.  Hence, Rule 59(e) is not the proper procedural vehicle to bring this motion for reconsideration.[3]

### B.   Federal Rule of Civil Procedure 60(b)

Federal Rule of Civil Procedure 60(b) allows relief "from a final judgment, *order,* or proceeding."  FED. R. CIV. P. 60(b) (emphasis added).  The Court's order on the motion for summary judgment falls into this camp.  The question then becomes whether the Appearing Defendants have alleged any of the Rule 60(b) factors.

None of the Appearing Defendants' arguments fits into any of the first five Rule 60(b) factors; they do not contend "mistake, inadvertence, surprise, or excusable neglect," FED. R. CIV. P. 60(b)(1), "newly discovered evidence," FED. R. CIV. P. 60(b)(2), "fraud . . . , misrepresentation, or misconduct by an opposing party," FED. R. CIV. P. 60(b)(3), a "void" judgment, FED. R. CIV. P. 60(b)(4), or that "the judgment has been satisfied, released, or discharged," "is based on an earlier judgment that has been reversed or vacated," or "applying it prospectively is no longer equitable."  FED. R. CIV. P. 60(b)(5).

---

[3]   This does not mean that the Appearing Defendants are barred from moving to reconsider.  It only means they may not do so under Rule 59(e).  The Court has considered the merits of the Appearing Defendants' arguments under Rule 60.

This only leaves Rule 60(b)'s catch-all factor: "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). "The Supreme Court has interpreted Rule 60(b)(6)'s any other reason justifying relief as requiring a showing of extraordinary circumstances suggesting that the party is faultless in the delay." *Bouret-Echevarria v. Caribbean Aviation Maint. Corp.*, 784 F.3d 37, 42 (1st Cir. 2015) (cleaned up) (citing *Davila–Alvarez v. Escuela de Medicina Universidad Cent. del Caribe,* 257 F.3d 58, 67 (1st Cir. 2001). "The high threshold required by Rule 60(b)(6) reflects the need to balance finality of judgments with the need to examine possible flaws in the judgments." *Id.* "[A]n inquiring court should assume the truth of fact-specific statements contained in a Rule 60(b)(6) motion. *Teamsters, Chauffeurs, Warehousemen & Helpers Union, Loc. No. 59 v. Superline Transp. Co.*, 953 F.2d 17, 18 (1st Cir. 1992).

For the Court to have granted the Appearing Defendants' motion for summary judgment, it would have needed to find that there were no genuinely disputed issues of material fact remaining for a factfinder to determine. FED. R. CIV. P. 56. In their motion for reconsideration, however, the Appearing Defendants are arguing the facts or their version of the facts, not the law. As this Court is not the factfinder, it cannot resolve disputed issues of fact in the context of a motion for summary judgment. Indeed, the arguments Appearing Defendants make in their motion for reconsideration raise further questions of fact, instead of definitively proving that there are no longer questions of fact.

For example, Appearing Defendants say that Mr. García refused the first in-person interpreter the Court of Appeals offered him. *Mot. for Recons.* at 8. Defendants retort that the interpreter was not qualified, which Mr. García learned during a previous visit where that particular interpreter could not help him. *Pls.' Opp'n* at 5-6. Whether this first interpreter was sufficiently qualified to help Mr. García is a question of fact, not law, which a factfinder should determine, rather than a Court at the summary judgment stage. Whether Mr. García's refusal of this interpreter was reasonable—another factual question—is influenced by the factual determination of whether the interpreter was qualified.

Appearing Defendants' argument that the Court of Appeals' accommodation should be found to be reasonable as a matter of law because Mr. García refused the videoconference interpreter, *id.* at 5, suffers the same fatal flaw. Whether the videoconference option offered was appropriate is once again a fact question. Manifestations of disabilities are rarely the same. It is unclear from the record before the Court what the contours of the videoconference services were or how effective they would be given the manifestations of Mr. García's disability. The parties dispute whether the videoconference interpreter was a sufficiently competent service to accommodate Mr. García. Given this disputed question of material fact, granting summary judgment is inappropriate.

The Appearing Defendants arguments explaining the factors causing a delay on their end fare no better.[4] Specifically, the Court of Appeals argues that arranging

---

4   The Appearing Defendants were the movant at the summary judgment stage. They submitted their statement of facts and failed to include these details then. The Appearing Defendants have not

14

the interpreter service "necessarily involved a brief bureaucratic delay," "that the delay coincided with the lunch period of the agency," and that the employees had to "process the request forms during their lunch time." *Id.* at 9.

The Court understands the Appearing Defendants' position to be that these factors mitigate any fault or liability the Court of Appeals may have and makes their accommodation reasonable. However, they cite no binding caselaw to support that conclusion. The cases Appearing Defendants cite are distinguishable as they deal with Title I employment cases, unlike the present Title II public accommodation controversy. Despite their plethora of citations, Appearing Defendants do not point to a case in this district or circuit—or elsewhere, for that matter—that holds that a nearly three-hour delay to accomplish a task that usually takes around fifteen minutes is a reasonable public accommodation as a matter of law.

Finally, insofar as Appearing Defendants contend the cases the Court cited in its order are "distinguishable," their argument is unconvincing. The Court's reasoning is not undergirded by analogizing the facts of the present case to another case, especially not to a Title I employment case as the Defendants insist the Court should do, *see id.* at 9-10; instead, the Court draws on legal principles stated by courts

---

addressed why these facts were not included in their original motion and why the Court should not hold them to have waived this belated attempt to introduce new facts through a motion for reconsideration that could and should have been raised in the original motion. Additionally, Rule 60(b)(2) explicitly contemplates "*newly* discovered evidence." FED. R. CIV. P. 60(b)(2) (emphasis supplied). Moreover, interests in finality and fairness counsel against accepting facts that should have been but were not discovered during discovery, or were otherwise not presented at briefing, just to be later presented in a Rule 59 or Rule 60 motion. Regardless, following the First Circuit's guidance, the Court "assume[s] the truth of fact-specific statements contained in a Rule 60(b)(6) motion." *Teamsters, Chauffeurs, Warehousemen & Helpers Union, Loc. No. 59 v. Superline Transp. Co.*, 953 F.2d 17, 18 (1st Cir. 1992).

within the First Circuit and applies those principles to the case at hand. Consequently, the importance of the factual particularities is diminished, undermining the Appearing Defendants' argument.

At bottom, the Appearing Defendants fail to demonstrate the "extraordinary circumstances" required by Rule 60 to justify the Court overturning its denial of their motion for summary judgment.  As genuine issues of material fact remain, the Court affirms its denial under the Rule 60(b) standard.

## VI.   CONCLUSION

The Court DENIES the Commonwealth of Puerto Rico, Maite Oronoz-Rodríguez, and Pedro R. Pierluisi Urrutia's Motion for Reconsideration (ECF No. 251).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 20th day of August, 2024