UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| MANUEL GARCÍA CASTRO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:20-cv-01065-JAW |
| | ) | |
| COMMONWEALTH OF PUERTO RICO, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION IN LIMINE TO PRECLUDE USE OF UNSWORN
DECLARATIONS AS EVIDENCE AT TRIAL**

The court declines to preclude wholesale the use of three declarations as evidence at the upcoming trial, concluding the statements may be admissible as a declarant-witness's prior statement or an opposing party's statement. The court dismisses the defendants' motion in limine without prejudice.

## I.    BACKGROUND

Manuel García-Castro, who is deaf, sued governmental entities, alleging that they discriminated against him due to his disability and, in so doing, violated Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 *et seq.*, *Am. Compl.* ¶¶ 80-95 (ECF No. 52); 29 U.S.C. § 794, *Am. Compl.* ¶¶ 96-104; 28 C.F.R. § 35.160, *Am. Compl.* ¶¶ 51-62; and 28 C.F.R. § 35.162, *Am. Compl.* ¶¶ 63-65. The governmental entities have denied the allegations. *See, generally, Mot. to Dismiss* (ECF No. 53).

The Court has scheduled a bench trial for December 5-6, 2024. *Status Order* (ECF No. 267). With trial approaching, the Commonwealth of Puerto Rico; Pedro

Pierluisi-Urrutia, in his official capacity as Governor of Puerto Rico; and Maite Oronoz-Rodríguez, in her official capacity as Chief Justice of the Puerto Rico Supreme Court (collectively, the Defendants), filed a motion in limine on November 8, 2024 to preclude the use of three unsworn declarations as evidence at the upcoming trial. *Mot. in Lim. to Preclude Use of Unsworn Decls. as Evid. at Trial* (ECF No. 283) (*Defs.' Mot. in Lim.*). The Plaintiff did not file an objection.

## II. THE PARTIES' POSITIONS

### A. The Defendants' Motion to Preclude the Use of Three Unsworn Declarations

In sum, the Defendants move the Court to preclude any use of three declarations made under penalty of perjury in the upcoming trial. *Defs.' Mot. in Lim.* at 1.[1] The Defendants specifically move the Court to bar the Plaintiff from using the declarations of Ruth Irizarry Negrón, Velma Hernández Quintana, and Liani Cabán Reyes, as the Plaintiff indicated he intends to do in the joint pretrial memorandum. *Id.* at 2 (citing *Joint Pretrial Mem.* at 35-36 (ECF No. 279)). The Defendants say they had previously submitted these unsworn statements as attachments to their prior motion for summary judgment and argue the statements "assert[] the truth of the matter within [that motion]. . ., were not presented in the form of depositions or as affidavits, and the declarants are going to be available as witnesses during the trial." *Id.* (citing *Statements of Uncontested Material Facts in Support of Mot. for Summ. J.*, Attach. 7, *Unsworn Decl. Under Penalty of Perjury of Ruth Irizarry Negrón* (ECF No.

---

[1] The motion in limine is five pages long and the first four pages are marked as page three. *Defs.' Mot. in Lim.* at 1-4. The final page is marked as page 5. *Id.* at 5. To avoid confusion, the Court cites the sequential number of the pages (i.e., 1, 2, 3, 4, 5) in this order.

213-7) (*Irizarry Negrón Decl.*); *id.*, Attach. 8, *Unsworn Decl. Under Penalty of Perjury of Velma L. Hernández Quintana* (ECF No. 213-8) (*Hernández Quintana Decl.*); *id.*, Attach. 13, *Unsworn Decl. Under Penalty of Perjury of Liani Cabán Reyes* (ECF No. 213-13) (*Cabán Reyes Decl.*)).[2]  Ms. Irizarry is the Assistant Secretary in the Court of Appeals of Puerto Rico; Ms. Hernández, the Director of Administrative Services of the Court of Appeals of Puerto Rico; Ms. Cabán, the Accessibility Program Coordinator for the Puerto Rico Judiciary.  *Irizarry Negrón Decl.* ¶ 2; *Hernández Quintana Decl.* ¶ 2; *Cabán Reyes Decl.* ¶ 2.  Each is an employee of the Puerto Rico Department of Justice.  *Id.*

The Defendants argue these prior statements are inadmissible hearsay not falling within any of the exceptions contemplated by the Federal Rules of Evidence. *Defs.' Mot. in Lim.* at 2.  They define hearsay as "a statement that (1) Declarant does not make while testifying at the current trial or hearing and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." *Id.* at 3 (citing FED. R. EVID. 801(c)).  Acknowledging that there are recognized exceptions to the prohibition against hearsay based on other indicia of reliability, the Defendants aver that none is applicable to the unsworn declarations the Plaintiff intends to present at trial.  *Id.* at 4 (discussing FED. R. EVID. 803, 804, and 807).

In conclusion, the Defendants say the Court should bar the Plaintiff "from offering or utilizing as evidence at trial any of the unsworn statements he has listed

---

[2]    The Defendants cite Attachments 7, 8, and 13 to ECF No. 207, *Defs.' Mot. in Lim.* at 2; however, these declarations were in fact attached to ECF No. 213.  The Court updated the Defendants' citation accordingly.

in the Pretrial Memorandum . . . because they are hearsay, the declarants will be available as witnesses during the trial, and no FRE exception to the rule against hearsay allows their admissibility." *Id.* at 4-5.

## III.  DISCUSSION

As Mr. García failed or declined to object to the Defendants' motion to preclude the use of the unsworn declarations, the Court deems the motion to have been conceded. *See Rivera-Gomez v. de Castro*, 843 F.2d 631, 635 (1st Cir. 1988) ("a litigant has an obligation 'to spell out its arguments squarely and distinctly,' . . . or else forever hold its peace" (quoting *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990 (1st Cir. 1988)).  However, relevant evidence is generally admissible, FED. R. EVID. 402, and the Court thus proceeds to the merits of the motion in limine and declines to preclude the use of the three declarations wholesale at this stage, concluding that the Plaintiff may be able to introduce a basis for admitting the statements pursuant to Federal Rule of Evidence 801(d)(1) or 801(d)(2).

It is unclear exactly what the Defendants are looking for in their motion in limine.  The Defendants repeatedly represent that they intend to call Ms. Irizarry, Ms. Hernández, and Ms. Cabán as trial witnesses and, therefore, whether Mr. García would be allowed to introduce the declarations made under penalty of perjury in the absence of these witnesses at trial is not an issue before the Court.

Instead, the Defendants seek an order precluding the Plaintiff's use or admission as evidence of declarations of these three individuals during their trial

4

testimony.[3]  *Joint Pretrial Mem.* at 32-35.  The Defendants argue the declarations should be barred "because they are hearsay, the declarants will be available as witnesses during the trial, and no FRE exception to the rule against hearsay allows their admissibility."  *Defs.' Mot. in Lim.* at 4-5.

The Federal Rules of Evidence define hearsay as statements that "the declarant does not make while testifying at the current trial or hearing" and that "a party offers in evidence to prove the truth of the matter asserted in the statement."  FED. R. EVID. 801.  Hearsay statements are presumed inadmissible unless within an exception provided by the United States Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court.  FED. R. EVID. 802.

While the declarations are undeniably out-of-court statements, the Court concludes it would be premature to preclude them wholesale without a trial context. The Plaintiff did not file an objection to the Defendants' motion in limine and the Court is thus unsure for what purpose the Plaintiff may seek to introduce the three declarations at trial.

The Defendants' motion assumes that these statements are hearsay.  *Def.'s Mot. in Lim.* at 2 ("[T]hese unsworn statements are hearsay, and hearsay is not admissible").[4]  But an opposing party's statement is not hearsay under Rule

---

[3]    The Plaintiff also includes these same three individuals on his own witness list.  *Joint Pretrial Mem.* at 34-35.  In fact, the Commonwealth and Chief Justice "**object** to Plaintiff[] listing as [his] witnesses the individuals listed by the [Commonwealth] and the Chief Justice, as they identify with them and not with the Plaintiff[]."  *Joint Pretrial Mem.* at 35 (emphasis in original).

[4]    The Defendants repeatedly refer to the declarations as unsworn, which is technically true. Although the Defendants miscited the statute as 18 U.S.C. § 1746, the declarations were made pursuant to 28 U.S.C. § 1746, which allows unsworn declarations to be made under penalty of perjury.

801(d)(2)(D), and Ms. Irizarry, Ms. Hernández, and Ms. Cabán are employees of the Defendant. *Irizarry Negrón Decl.* ¶ 2; *Hernández Quintana Decl.* ¶ 2; *Cabán Reyes Decl.* ¶ 2. Rule 801(d)(2)(D) "allows for the admission of a party-opponent's statement if it 'is offered against a party and is . . . a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship.'" *United States v. Agne*, 214 F.3d 47, 54 (1st Cir. 2000) (quoting FED. R. EVID. 801(d)(2)(D)). The contested statements are statements made by the Defendants' employees discussing either their respective efforts in their official capacities to provide the Plaintiff with sign language interpreter service on the day in question, *Hernández Quintana Decl.* ¶¶ 3-8; *Irizarry Negrón Decl.* ¶¶ 3-5, or the Judiciary's steps towards ADA compliance, *Cabán Reyes Decl.* ¶¶ 3-25. The fact that the opposing party statements were not subject to cross-examination is not a basis for its exclusion. *United States v. Pelletier*, 845 F.2d 1126, 1130 (1st Cir. 1988); MARK S. BRODIN, JOSEPH M. MCLAUGHLIN, JACK B. WEINSTEIN, MARGARET A. BERGER, WEINSTEIN'S FED. EVID. SECOND ED. § 801.30[2] (2024 ed.) ("Opposing party statements may be in the form of oral statements or written statements"). To the extent the Defendants' motion is based on the premise that these statements are inadmissible hearsay, the Court is skeptical that the motion provides a basis for pretrial exclusion.

---

The statute provides that an unsworn declaration shall have "like force and effect" as a sworn declaration if declared under penalty of perjury. 28 U.S.C. § 1746. Such statements may form the basis of a criminal prosecution if untrue, *see United States v. Scivola*, 766 F.2d 37, 43 n.5 (1st Cir. 1985), and may be used in lieu of a sworn statement or affidavit in civil matters. *Rodríguez-Severino v. UTC Aero. Sys.*, 52 F.4th 448, 458 (1st Cir. 2022).

Moreover, three hearsay exceptions are potentially applicable here. First, a declarant-witness's prior statement is not hearsay if "[t]he declarant testifies and is subject to cross-examination about a prior statement, and the statement":

> (A) is inconsistent with the declarant's testimony and was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition; or
>
> (B) is consistent with the declarant's testimony and is offered:
>
>> (i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or
>>
>> (ii) to rehabilitate the declarant's credibility as a witness when attacked on another ground; or
>
> (C) identifies a person as someone the declarant perceived earlier.

FED. R. EVID. 801(d)(1). It appears from the Joint Pretrial Memorandum that the Plaintiff may seek to introduce as evidence the prior declarations made under penalty of perjury of three individuals the Commonwealth and the Chief Justice intend to call as witnesses at the upcoming trial. *Joint Pretrial Mem.* at 35-36. The declaration could be admissible pursuant to Federal Rule of Evidence 801(d)(1)(A) if a declarant testifies inconsistently with her prior statement.

The declarations could also be admissible pursuant to Rule 801(d)(1)(B). If Mr. García calls one of these witnesses at trial and if the Defendant challenges her testimony on cross-examination, the witness's sworn declaration might be used to demonstrate the witness's consistency. If any declarant testifies consistently with her declaration statement, the declaration could be used to rehabilitate the

declarant's testimony or credibility if the same is challenged. FED. R. EVID. 801(d)(1)(B).

The declarations could also conceivably be used pursuant to Rule 801(d)(1)(C) to identify the Plaintiff as someone the declarant-witness perceived earlier.

To be admissible, evidence must also be relevant. Federal Rule of Evidence 401 defines evidence as relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FED. R. EVID. 401. The Defendants do not contest relevance in their motion in limine, and the Court of its own accord readily concludes the unsworn declarations of Ms. Irizarry, Ms. Hernández, and Ms. Cabán are relevant to the issues in dispute in this case. Specifically, Ms. Hernández's declaration recalls coordinating the provision of sign language interpreter services for Mr. García on July 17, 2019 in her official capacity as Director of Administrative Services of the Court of Appeals of Puerto Rico. *Hernández Quintana Decl.* ¶¶ 1-8. The declaration of Ms. Irizarry, Assistant Secretary of the Court of Appeals, describes her own efforts towards the same. *Irizarry Negrón Decl.* ¶¶ 1-5. Both declarations are relevant to the issue of the sign language interpreter services Mr. García received at the Clerk's Office of the Puerto Rico Court of Appeals on the day of the events underlying this case. The declaration of Ms. Cabán, Accessibility Program Coordinator for the Puerto Rico Judiciary, discusses the Judiciary's steps to ensure ADA compliance and to remove other accessibility barriers for people with disabilities who visit the court system. *Cabán Reyes Decl.* ¶¶1-25. The Court concludes this declaration is relevant

to the Puerto Rico Judiciary's compliance with the ADA, the central legal issue disputed in this case.

The Defendants also do not argue, and the Court does not independently conclude, that the statements' "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

## IV.    SUMMARY

The Court declines at this time to preclude the introduction of the unsworn declarations as evidence at trial.[5]

## V.    CONCLUSION

The Court DISMISSES without prejudice the Defendants' Motion in Limine to Preclude Use of Unsworn Declarations as Evidence at Trial (ECF No. 283).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of December, 2024

---

[5]    Under the law of the First Circuit, it is the obligation of counsel to clarify at trial whether a ruling on a motion in limine or other evidentiary ruling is definitive. *Dimanche v. Mass. Bay Transp. Auth.*, 893 F.3d 1, 6 n.6 (1st Cir. 2018). In general, "[p]retrial motions in limine in situations like this need to be renewed and pressed at trial in order to be preserved." *Id.* (citing FED. R. EVID. 103 advisory committee's note to 2000 amendment); *see also Crowe v. Bolduc*, 334 F.3d 124, 133 (1st Cir. 2003) ("Our rule as to motions in limine is that a party must renew at trial its motion to . . . exclude evidence if there has been an earlier provisional ruling by motion in limine and a clear invitation to offer evidence at trial").